# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CHRISTOPHER SCOTT, #R31806, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | Case No. 19-cv-671-SMY ) ) |
| DR. RITZ, JANE DOE, M. SIDDIQUI, WEXFORD HEALTH SERVICES INC., HEATHER PRICE, and WARDEN OF MENARD CORRECTIONAL CENTER, | ) ) ) ) ) ) ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Christopher Scott, an inmate of the Illinois Department of Corrections currently incarcerated at Western Illinois Correctional Center ("Western"), brings this action pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights. Plaintiff asserts a deliberate indifference claim under the Eighth Amendment against Defendants regarding medical care while he was incarcerated at Menard Correctional Center ("Menard"). (Doc. 1). He seeks monetary damages and injunctive relief.

This case is now before the Court for preliminary review of the Complaint under 28 U.S.C. § 1915A, which requires the Court to screen prisoner Complaints to filter out nonmeritorious claims. 28 U.S.C. § 1915A(a). Any portion of the Complaint that is legally frivolous, malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b).

## The Complaint

Plaintiff makes the following allegations in the Complaint:[1] From June 2016 to January 2019, Plaintiff suffered from recurring chest pain, fainting, fatigue, shortness of breath, irregular heartbeat, tingling in his fingers and toes, and pain in his neck and shoulder. (Doc. 1, pp. 4-37). During that time, he was incarcerated at Menard and he was under the medical care of Dr. Siddiqui and a number of nurses, including Nurse Jane Doe. (*Id.*).

Plaintiff saw Dr. Siddiqui on August 2, 2017 for chest pain and he was sent to the Emergency Department at Chester Hospital. (*Id.*, p. 14). Dr. Siddiqui was aware of Plaintiff's family history of heart disease and his recurring chest pain. (*Id.*). After Plaintiff's return from the hospital, Dr. Siddiqui recommended a full cardiac evaluation. (*Id.*, p. 15). Following collegial review, Dr. Ritz denied the referral and ordered a treadmill stress test. (Doc. 1, p. 15.; Doc. 1-1, pp. 9, 16). Plaintiff saw Dr. Siddiqui again on August 8, 2017 for complaints of chest pain. (Doc. 1, p. 16). Plaintiff had a stress test at an outside facility on September 8, 2017. (Doc. 1, p. 18). He took his beta blocker that day because no one at Menard told him not to take it before the test. (Doc. 1, p. 18; Doc. 1-1, pp. 23, 25).

On September 22, 2017, Plaintiff passed out while working and his supervisor called for medical assistance. (Doc. 1, p. 19). Nurse Jane Doe[2] was dismissive and refused to provide

---

[1] Plaintiff's Complaint describes numerous visits to the health care unit but, for the most part, references seeing nurses that are not identified. Only the allegations that specifically reference the named Defendants are summarized herein. Further, allegations as to "medical staff" and "defendants" are not included as they fail to identify actions or knowledge by specific individuals. 28 U.S.C. § 1983 creates a cause of action based on personal liability and predicated upon fault. To state a claim against a defendant, a plaintiff must describe what the defendant did or failed to do that violated the plaintiff's constitutional rights. *Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995) (failure to assert a specific act of wrongdoing to a specific individual does not meet the personal involvement requirement necessary for Section 1983 liability).

[2] Although Plaintiff simply refers to "nurse" in the statement of claim, he identified Jane Doe in the case caption as the nurse he saw on September 22, 2017 and February 10, 2018.

medical assistance. (*Id.*). She told Plaintiff that she was tired of him coming to see her for chest pain and passing out. (*Id.*).

On November 21, 2017, Plaintiff had a follow-up appointment with Dr. Siddiqui for his recurring chest pain. (*Id.*). Dr. Siddiqui refused to provided Plaintiff with any medical care or diagnostic tests. (*Id.*). Instead, he advised Plaintiff to stop reading his hospital reports and told him he needed a mental health evaluation for anxiety. (*Id.*).

On February 7, 2018, Plaintiff sent a letter to Dr. Siddiqui regarding his hyperlipidemia and his recurring chest pain, swelling of his hands and feet, and fast heartbeat. (*Id.*, p. 20). Plaintiff did not receive a response. (*Id.*). Plaintiff went to the health care unit on February 10, 2018 because his hands and feet were swollen. (*Id.*, p. 21). Plaintiff told Nurse Jane Doe that the swelling occurs twice a day, wakes him from sleep, and causes pain at a level of 10. (*Id.*). Nurse Jane Doe refused to provide medical treatment. (*Id.*). She wrote in his medical record that there was no obvious swelling of his hands or feet, which was not true. (*Id.*).

On April 27, 2018, Plaintiff had an appointment with Dr. Siddiqui for his recurring chest pain. (*Id.*, p. 23). He requested diagnostic testing to determine the health of his arteries, but Dr. Siddiqui told him the test was expensive and would not be approved. (*Id.*). Plaintiff was referred to another doctor for a second opinion. (*Id.*).

Plaintiff saw Dr. Caldwell on July 29, 2018 for a second opinion. (*Id.*, p. 25). Dr. Caldwell noted that Plaintiff had taken medication prior to his stress test that would have affected the results of the stress test and recommended a repeat stress test. (*Id.*). The request for a repeat stress test was denied by Dr. Ritz in collegial review. (Doc. 1, p. 26; Doc. 1-1, pp. 51-52). Thereafter, Plaintiff continued to experience chest pain, but no monitoring or further testing was done. (Doc. 1, p. 33).

Based on the allegations of the Complaint, the Court finds it convenient to designate the following single Count:

> **Count 1: Eighth Amendment claim against Defendants for deliberate indifference from June 2016 to January 2019 relating to medical treatment of Plaintiff's recurring chest pain, fainting, irregular heartbeat, and swelling of his hands and feet.**

The parties and the Court will use this designation in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation does not constitute an opinion regarding its merit. **Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard.**[3]

## Preliminary Dismissals

Defendant Heather Price is not referenced in the body of the Complaint. Under Federal Rule of Civil Procedure 8, the Complaint must include a short, plain statement of the case against each individual. Merely naming Price in the caption of a Complaint is not enough to state a claim against her. *Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998). Further, without an allegation of a specific act of wrongdoing by Price, the personal involvement requirement necessary for Section 1983 liability is not met. *Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995). As such, Heather Price will be dismissed without prejudice.

Additionally, Plaintiff alludes to the continued denial of medical care following his transfer to Western on March 27, 2019, but does not name any defendants in connection with this claim. Although he references a nurse practitioner at Western, she is not listed in the caption and the Court will not treat her as a defendant. *Myles v. United States*, 416 F.3d 551, 551–52 (7th Cir.

---

[3] An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

2005) (holding that to be properly considered a party, a defendant must be specified in the caption); *Cash v. Marion County Jail*, 211 F. App'x 486, 488 (7th Cir. 2006) ("[E]ven a pro se prisoner's complaint must comply with Fed. R. Civ. P. 10(a) and include the names of all parties in the title of the action."). Accordingly, all claims arising at Western are dismissed from this action without prejudice to Plaintiff pursuing relief in a separate suit filed in the appropriate federal court.

### Discussion

Prison officials impose cruel and unusual punishment in violation of the Eighth Amendment when they are deliberately indifferent to a serious medical need. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Chatham v. Davis*, 839 F.3d 679, 684 (7th Cir. 2016). To state a claim for deliberate indifference, an inmate must show that (1) he suffered from an objectively serious medical condition; and (2) defendant was deliberately indifferent to a risk of serious harm from that condition. *Petties v. Carter*, 836 F.3d 722, 727 (7th Cir. 2016). The subjective component of the claim requires Plaintiff to demonstrate that each Defendant responded to his medical condition with deliberate indifference. *See Berry v. Peterman*, 604 F.3d 435, 440-41 (7th Cir. 2010); *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005).

Plaintiff's claim will proceed against Dr. Siddiqui and Dr. Ritz. According to the Complaint, Dr. Siddiqui and Dr. Ritz were aware of Plaintiff's significant, recurring chest pain and his strong family history of premature heath disease, but refused to provide diagnostic testing, other than the compromised treadmill stress test, to determine the cause of his recurring chest pain. The allegations that Dr. Siddiqui and Dr. Ritz ignored Plaintiff's complaints of recurring chest pain and symptoms over a significant period of time and continued with a course of treatment that was ineffective are sufficient to state a colorable claim for deliberate indifference at the screening stage. *See Arnett v. Webster*, 658 F.3d 742, 754 (7th Cir. 2011).

The claim against Nurse Jane Doe will also proceed. She allegedly disregarded Plaintiff's complaints of serious chest pain and other symptoms and refused to provide medical care on at least two occasions with knowledge of his recurring medical issues. This is also sufficient to state a colorable claim for deliberate indifference at the screening stage.

Plaintiff fails to state a claim, however, against Wexford because it cannot be held liable based on the actions of its employees or agents. *Shields v. Illinois Dep't of Corr.*, 746 F.3d 782, 789 (7th Cir. 2014) ("*respondent superior* liability does not apply to private corporations under § 1983"). Wexford can be held liable for deliberate indifference only if it had a policy or practice that caused the alleged violation of a constitutional right. *Id.* Plaintiff does not allege that a Wexford policy or practice caused any denial or delay of medical treatment. As such, Plaintiff's deliberate indifference claim against Wexford will be dismissed without prejudice for failure to state a claim.

## Injunctive Relief

Plaintiff is no longer incarcerated at Menard where the events giving rise to this action occurred. Therefore, any request for injunctive relief is moot. *Lehn v. Holmes*, 364 F.3d 862, 871 (7th Cir. 2004) ("[W]hen a prisoner who seeks injunctive relief for a condition specific to a particular prison is transferred out of that prison, the need for relief, and hence the prisoner's claim, become moot.").

## Official Capacity Claims

Plaintiff alleges claims against each defendant in his or her individual and official capacity, but he cannot proceed with claims for monetary damages against them in their official capacities. When a plaintiff seeks monetary damages against a state official, he must bring the suit against the official in his or her individual capacity. *Brown v. Budz*, 904 F.3d 904, 918 (7th Cir. 2005);

6

*Shockley v. Jones*, 823 F.2d 1068, 1070 (7th Cir. 1987). This is because a suit for money damages against a defendant in his or her official capacity is really a suit for money damages against the state and is barred by the Eleventh Amendment. *Id.* The Supreme Court has held that "neither a State nor its officials acting in their official capacities are 'persons' under [Section] 1983." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Accordingly, the official capacity claims against Defendant Dr. Ritz, Jane Doe, and M. Siddiqui are dismissed without prejudice.

**Identification of Unknown Defendant**

The Warden of Menard Correctional Center will be added as a defendant in his or her official capacity only for purposes of responding to discovery aimed at identifying the unknown Defendant. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 832 (7th Cir. 2009); Fed. R. Civ. P. 21. Guidelines for discovery will be set by the undersigned judge. Once the name of the unknown Defendant is discovered, Plaintiff shall file a motion to substitute the newly identified Defendant in place of the generic designations in the case caption and throughout the Complaint.

**Pending Motion**

Plaintiff filed a motion to supplement (Doc. 9) his Complaint with an additional page that he contends was inadvertently omitted during e-filing. The motion is granted and page 3 of the motion, which is labeled as page 29A of the Complaint, shall be considered a part of the Complaint.

**Disposition**

**IT IS HEREBY ORDERED** that **COUNT 1** will proceed against Defendants Dr. Ritz, Jane Doe, and M. Siddiqui. Defendants Wexford Health Services, Inc. and Heather Price are dismissed without prejudice for failure to state a claim for relief and the Clerk of Court is **DIRECTED** to **TERMINATE** them as parties in the Court's Case Management/Electronic Case Filing (CM/ECF) system. In addition, the Clerk is **DIRECTED** to **ADD** the **Warden of Menard Correctional Center**, in his or her official capacity only, to the docket for purposes of responding

to discovery aimed at identifying Defendant Jane Doe.

**IT IS FURTHER ORDERED** that the Clerk of Court shall prepare for Defendants Dr. Ritz, M. Siddiqui, the Warden of Menard Correctional Center (official capacity only), and, once identified, Jane Doe: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a Defendant cannot be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). As the Warden of Menard Correctional Center is in the case solely for discovery purposes, he or she need not respond to the Complaint. The Warden only needs to enter his or her appearance and will receive further instruction on discovery at a later date. **Pursuant to Administrative Order No. 244, Defendants need only respond to the issues stated in this Merit Review Order.**

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

**IT IS FURTHER ORDERED** that this entire matter shall be **REFERRED** to a United States Magistrate Judge pursuant to Local Rule 72.2(b)(3) and 28 U.S.C. § 636(c), *if all parties consent to such a referral*.

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and the opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

**DATED: November 1, 2019**

*s/ Staci M. Yandle*
**STACI M. YANDLE**
**United States District Judge**

### Notice to Plaintiff

The Court will take the necessary steps to notify the appropriate Defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the Defendants will enter their appearance and file an Answer to your complaint. It will likely take at least **60 days** from the date of this Order to receive the Defendants' Answers, but it is entirely possible that it will take **90 days** or more. When all the Defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the Defendants before filing any motions, to give the Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.